## 43024. TUCKER v. BOARD OF COMMISSIONERS OF CRISP COUNTY et al.

### (339 SE2d 714)

WELTNER, Justice.

At issue is the composition of the Crisp County Power Commission.

A local constitutional amendment (see Ga. L. 1925, pp. 72, 75) provided that the governing authority of the entity shall be "vested in a Power Commission of seven to consist of the members of the Board of Commissioners of Roads and Revenues of said county as constituted from time to time and four other citizens of Crisp County who shall be elected by the Grand Jury of said county. . . ." In 1984, the General Assembly increased the membership of the Board of Commissioners of Crisp County from three to five. Ga. L. 1984, p. 4352.

The trial court held that the limit of seven as provided by the local amendment must yield, and that the power commission now has nine members: all five members of the board of commissioners and the four citizens of Crisp County elected by the Crisp County grand jury. The power commission appeals.

All parties concede that the local amendment remains in effect as a part of the Constitution. See Art. XI, Sec. I, Par. IV, Constitution of Georgia of 1983; Ga. L. 1985, p. 3812. The narrow issue presented for decision is whether the words "as constituted from time to time" refer to the individual identities of the three persons who at any one time serve as members of the board of commissioners or whether those words refer to the *number* of commissioners which, from time to time, shall constitute the total membership of the board of commissioners.

1. The membership of the power commission is fixed by the Constitution of Georgia at seven. An Act of the General Assembly is incapable, of its own force, of increasing or diminishing that membership. See *Sears v. State of Ga.,* 232 Ga. 547 (3) (208 SE2d 93) (1974), which dealt with the Executive Reorganization Act of 1972, Ga. L. 1972, p. 1015 et seq., and held that "the membership of the [Georgia State Financing & Investment Commission] is set forth in the Constitution by virtue of the 1972 Amendment, and the General Assembly may not by legislative act substitute someone to take the place of an office-

holder named in the Constitution." 232 Ga. at 551. Similarly, the legislation increasing the number of the board of commissioners cannot alter the express terms of the constitutional amendment here in issue.

2. The membership of the power commission remains at seven, as established by the Constitution. The board of commissioners, therefore, must choose three of its five members to serve on the power commission, as the remaining four members are to be selected by the grand jury.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents, and Marshall, P. J., not participating.*

DECIDED FEBRUARY 25, 1986.

*Langstaff, Campbell & Plowden, Robert B. Langstaff,* for appellant.

*Hurt, Pheiffer & Hyman, Guy D. Pheiffer,* for appellees.